UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERIC JACKSON,**

      **Petitioner,**

**v.**               **Civil No. 4:22-CV-322-P**

**BOBBY LUMPKIN, Director,**
**TDCJ- CID,**

      **Respondent.**

**OPINION AND ORDER**

   Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Eric Jackson ("Jackson"), a state prisoner confined in the Lewis Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Jackson, the Court has concluded that the petition should be dismissed with prejudice as barred by the applicable statute of limitations.

**I. BACKGROUND**

   Jackson is in custody pursuant to the judgment and sentence of the 297th District Court of Tarrant County, Texas, in cause number 1463959D. Pet. 2, ECF No.1. Jackson was charged by indictment with continuous sexual abuse of a child under fourteen years of age and three counts of aggravated sexual assault of a child under fourteen years of age. SHCR-01 at 7, ECF No. 10-1.[1] He entered a plea of not guilty to a jury. *Id*. at 8. On August 3, 2017, the jury found him guilty of three counts of aggravated sexual assault of a child under fourteen years of age. *Id.* at 153-54. The jury sentenced him to 48 years of incarceration for each count, with the sentences to run concurrently. *Id*. at 164-67.

   On July 26, 2018, the Second Court of Appeals of Texas affirmed the judgment. *Jackson v. State*, No. 02-17-00253-CR, slip op. (Tex. App.—Fort Worth

---

[1] "SHCR-01" refers to the written pleadings contained within *Ex parte Jackson*, No. 92,224-01 (Tex. Crim. App. 2021).

2018, no pet.); SHCR-01 at 1, ECF No. 10-12.

On November 16, 2018, Jackson filed a motion for extension to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. *Jackson v. State*, PDR No. 1259-18 (Tex. Crim. App. 2018), at motion for extension of time. ECF No. 10-19. His motion was denied. *Id.* at ECF No. 10-18.

On June 25, 2020, at the earliest,[2] Jackson filed his application for state writ of habeas corpus challenging the instant conviction. SHCR-01 at 34, ECF No. 10-21. On March 24, 2021, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing and on its independent review of the record. SHCR-01 at Action Taken, ECF No. 10-22.

Jackson then filed this federal petition under § 2254 on April 11, 2022.[3] Pet. 10, ECF No. 1. This proceeding ensued.

## II. ISSUES

The Court understands Jackson to allege the following grounds for relief:

1. Error in the indictment;

2. Ineffective assistance of trial counsel

3. Conflict between trial counsel and Jackson;

4. Trial court error for failing to investigate the conflict between Jackson and his trial counsel and for failing to substitute Jackson's trial counsel.

Am. Pet. 6–8, ECF No. 5.

## III. RULE 5 STATEMENT

The Respondent argues that the § 2254 petition in this case is barred by limitations. 28 U.S.C. § 2244(d). The Respondent reserved the right to argue exhaustion and procedural bar, pending the Court's resolution of the time-bar issue. 28 U.S.C. § 2254(b).

---

[2.] The prison mailbox rule also applies to the filing date of state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Jackson signed the state writ application on June 20, 2020, thus that is the earliest date it could be deemed filed. *See* SHCR-0-1 34, ECF No. 10-21.

### IV. ANALYSIS/LIMITATIONS

#### A. Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Jackson from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Jackson's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Jackson has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the date the limitations period began to run on Jackson's claims is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A).

The Second Court of Appeals of Texas affirmed Jackson's conviction on July 26, 2018. *Jackson v. State*, slip op. at 1. Jackson filed a motion for extension of time to file a PDR; however, it was denied and he did not file a PDR.[4] *See Jackson v. State*, PDR No. 1259-18, at motion for extension of time. Jackson's conviction became final thirty days later, on August 27, 2018,[5] when the period for timely filing a PDR expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires); Tex. R. App. Proc. 68.2(a). Therefore, the one-year limitation period for filing a federal petition expired one year later on August 27, 2019, absent any application of statutory or equitable tolling.

        1.        Statutory Tolling Under 28 U.S.C. § 2244(d)(2)

The AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent

---

[4]. Jackson filed a motion for extension of time to file a PDR on November 16, 2018. See *Jackson v. State*, PDR No. 1259-18, at motion for extension of time. SCHR-01 at 1-7, ECF No. 10-19. This motion was untimely. See Tex. R. App. Proc. 68.2(c) (requiring motions for extension of time be filed with the Texas Court of Criminal Appeals no later than fifteen days after the last day for filing a PDR).

[5]. Thirty days after July 26, 2018 is August 25, 2018, which was a Saturday. Therefore, Jackson's conviction became final on the following Monday, August 27, 2018. See Tex. R. App. Proc. 4.1(a).

4

judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Jackson's state writ application, filed on June 25, 2020, did not toll the limitations period because it was filed after the limitations period had expired. *See* SHCR-01 at 34, ECF No. 10-21; *Scott v. Johnson*, 227 F.3d. 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired."). Therefore, the instant federal § 2254 petition, filed on April 11, 2022, is over two years and seven months too late. *See* Pet. 1 at 1, ECF No. 1.

        2.      Equitable Tolling

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). The petitioner bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000).

Jackson has not shown that he is entitled to equitable tolling. *See* Pet. 9, ECF No. 1. Jackson states that he is not sure whether his petition is timely, but writes that his inability to obtain the records may have made his petition untimely. Pet. 9, ECF No. 1. The Fifth Circuit, however, has held that statutory tolling does not convey a right to delay while a habeas petitioner gathers every possible scrap of evidence that might support his claims. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Furthermore, it appears that Jackson's attempts to obtain records began after his limitation period expired. *See Jackson v. State*, PDR No. 1259-18 (Tex. Crim. App. 2018), at pro se correspondence (Nov. 2, 2020). SHCR-01 at pro se correspondence, ECF No. 10-20. Jackson makes conclusory allegations about the reasons he was unable to obtain evidence in support of his claim. *See* Pet. 1, ECF No. 1. Conclusory allegations, however, are insufficient to support his claims. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (citations omitted). Therefore,

his arguments do not support any basis for equitable tolling.

In sum, as Jackson's § 2254 petition is filed far beyond the applicable one-year deadline from finality of judgment, and as he has not shown that he is entitled to statutory or equitable tolling, the petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations.

## V.     CONCLUSION

It is therefore **ORDERED** that Eric Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day** of **January, 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE